# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| AD ASTRA RECOVERY SERVICES, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JOHN CLIFFORD HEATH, ESQ., *et al.*, ) <br> ) <br> Defendants. ) | Case No. 18-1145-JWB |

## MEMORANDUM AND ORDER

This matter comes before the court upon Defendants' Motion to Stay Proceedings, or in the Alternative Motion to Transfer (ECF No. 25). Defendants ask the court to stay, or in the alternative, to transfer this action because the parties and issues in this case substantially overlap with an action first filed in the U.S. District Court for the Northern District of Texas. Plaintiff opposes the motion. Because the court finds that this case does not substantially overlap with the Texas case, defendants' motion is denied.

**I.  Background**

In 2017, the CBE Group, Inc., individually and on behalf of others similarly situated, filed a class-action complaint in Texas state court. On September 22, 2017, the Lexington Law Firm removed the case to U.S. District Court for the Northern District of Texas. In their third amended complaint, CBE Group and RGS Financial Inc., a subsequently joined plaintiff, allege that the Lexington Law Firm and Progrexion, Inc. ran a nationwide fraudulent credit-repair scheme.[1] According to the consumer-creditor plaintiffs in the Texas case, Progrexion is a credit-repair organization that leases the trademark "Lexington Law" and/or "Lexington Law Firm" to

---
[1] *See* Pls.' The CBE Group, Inc. and RGS Financial, Inc.'s Third Am. Original Class Action Compl., ECF No. 28-2.

John C. Heath, an attorney. The plaintiffs in the Texas action allege that the defendants flooded consumer creditors with dispute correspondence—in some instances, without the specific knowledge or consent of the consumers. The Texas defendants deny these allegations. The plaintiffs in the Texas action state that they have incurred significant expenses investigating and responding to these dispute correspondences. They assert Texas common law claims for fraud, fraud by nondisclosure, tortious interference with existing contracts with creditors, tortious interference with prospective relations, and conspiracy. The plaintiffs in the Texas action also seek injunctive relief.

On May 21, 2018, Plaintiff Ad Astra Recovery Services, Inc. filed this case in the District of Kansas. The complaint names as defendants: John Clifford Heath, Esq.; John C. Heath, Attorney at Law, PLLC, doing business as Lexington Law Firm; Progrexion Holdings, Inc.; Progrexion Teleservices, Inc.; Kevin Jones, Esq., and Adam C. Fullman, Esq. Plaintiff, a debt collector and credit agency, alleges that the "defendants engaged in a fraudulent credit-repair scheme designed to bombard debt collectors with false credit dispute letters with the intention of deceiving debt collectors . . . and frustrating their efforts to collect legitimate debts."[2] Defendants deny these allegations. The individual defendants are attorneys with the Lexington entities, and according to plaintiff, the Progexion entities are the Lexington entities' printer and mass mailer.

Plaintiff asserts claims under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§1962(c) and (d). Plaintiff also brings Kansas common law claims for tortious interference with existing contractual relationships, fraud, and plaintiff seeks injunctive relief under 18 U.S.C. § 1964(c). Discovery in this case opened in August 2018, and defendants filed the motion to stay or transfer on November 26, 2018.

---

[2] Compl. at ¶ 3, ECF No. 1.

## II. Discussion

Defendants argue that because this action and the Texas action substantially overlap, the first-to-file rule requires the court stay this action, or alternatively, transfer it to the Northern District of Texas. The first-to-file rule "permits a district court to decline jurisdiction where a complaint raising the same issues against the same parties has previously been filed in another district court."[3] Courts relying on the first-to-file rule have also stayed or transferred second-filed actions.[4] The first-to-file rule requires "substantial overlap" between the claims in both cases.[5] When determining whether the first-to-file rule applies, the court considers: "(1) the chronology of the actions," (2) "the similarity of the parties involved," and (3) "the similarity of the issues at stake."[6] Because no party disputes that the Texas case is the first-filed action, the court will focus on the similarity of the parties and the similarity of the issues at stake.

Although there is overlap between the defendants in both actions, the Texas plaintiffs and the plaintiffs in this action are unrelated corporate entities. The dissimilarity of the plaintiffs is significant. Generally, courts stay cases under the first-to-file rule when the outcome of the first-filed case would impact litigation of the second-filed case.[7] Defendants do not explain how rulings in the Texas action would bind Ad Astra, which is not a party to the Texas case.

---

[3] *Buzas Baseball, Inc. v. Bd. of Regents of the Univ. of Ga.*, 189 F.3d 477 (table), 1999 WL 682883, at *2 (10th Cir. Sept. 2, 1999); *Wallace B. Roderick Revocable Living Trust v. XTO Energy, Inc.*, 679 F. Supp. 2d 1287, 1296 (D. Kan. 2010).

[4] *See, e.g., Rezac Livestock Commission Company, Inc. v. Dinsdale Brothers, Inc.*, No. 15-4958-DDC, 2016 WL 4990190, at *6 (D. Kan. Sept. 19, 2016); *Johnson v. Pfizer, Inc.*, No. 04-1178-MLB, 2004 WL 2898076, at *5 (D. Kan. Dec. 10, 2004).

[5] *Roderick Revocable Living Trust*, 679 F. Supp. 2d at 1298.

[6] *Id.* at 1296.

[7] *See, e.g., Rezac*, 2016 WL 4990190, at *7 (staying the action as to certain claims when the ruling of the other federal district court would impact those claims).

Collateral estoppel, or issue preclusion, generally requires that: "(1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party or in privity with a party in a prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action."[8] Because it does not appear that Ad Astra would be bound by an outcome of the Texas action, staying this action serves no purpose.

The dissimilarity between plaintiffs is also significant when evaluating defendants' alternative request to transfer this case to the Northern District of Texas. It is not apparent that plaintiff could have originally filed suit in the Northern District of Texas, and defendants do not address the issue of jurisdiction. Generally, the first-to-file rule applies "when two district courts have jurisdiction over the same controversy, affording deference to the first filed lawsuit."[9] Because defendants have not demonstrated that the Northern District of Texas would have jurisdiction to hear this case, a transfer is inappropriate.

There is some similarity of the issues at stake in both cases, but not enough to warrant a stay or transfer of this action under the first-to-file rule. Both cases involve state common law claims of fraud and tortious interference with existing contractual relationships. Both cases involve allegations that defendants flooded consumer creditors with debt-dispute letters. However, this case involves also involves complex RICO claims. As plaintiff states, these claims will involve decisions about whether defendants formed an enterprise, whether they engaged in a pattern of racketeering activity, whether their actions affected interstate commerce, and whether

---

[8] *Moss v. Kopp*, 559 F.3d 1155, 1161 (10th Cir. 2009).

[9] *Lipari v. U.S. Bancorp NA*, 345 F. App'x 315, 317 (10th Cir. 2009).

they conspired to do so.[10] The Texas action involves class-action claims that the court has yet to certify. Because the parties in this action and the Texas action are not substantially similar and the issues in both cases are not substantially similar, the court denies defendants' motion to stay or transfer.

Accordingly,

**IT IS THEREFORE ORDERED** that Defendants' Motion to Stay Proceedings, or in the Alternative Motion to Transfer (ECF No. 25) is denied.

**IT IS SO ORDERED.**

Dated February 21, 2019, at Topeka, Kansas.

s/ K. Gary Sebelius  
K. Gary Sebelius  
U.S. Magistrate Judge

---

[10] *See* 18 U.S.C. § 1962(c)-(d).