AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### District of Kansas

| | | |
|---|---|---|
| Ad Astra Recovery Services, Inc. | ) | |
| *Plaintiff* | ) | Civil Action No.   18-1145-JWB |
| v. | ) | |
| John Clifford Heath, Esq., et al. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:          TransUnion, Attn.: Custodian of Records, 555 West Adams Street, Chicago, IL 60661

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attached Addendum.

| Place: 1700 PNC Center, 201 East Fifth Street, Cincinnati, OH 45202. | Date and Time: 03/31/2020 4:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Ad Astra Recovery Services, Inc. _____ , who issues or requests this subpoena, are:
William Purtell, 1700 PNC Center, 201 East Fifth Street, Cincinnati, OH 45202, wpurtell@blankrome.com, 513-362-8750

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  18-1145-JWB

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒  I served the subpoena by delivering a copy to the named person as follows: _____

_____  on *(date)* _____ ; or

❒  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____          _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
   **(i)** is a party or a party's officer; or
   **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2) Claiming Privilege or Protection.**
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS – WICHITA

|  |  |
|---|---|
| Ad Astra Recovery Services, Inc. | X |
| Plaintiff, | Civil Action No.:  6:18-cv-01145 |
| vs. | |
| John Clifford Heath, Esq.; John C. Heath, Attorney at Law, PLLC d/b/a Lexington Law Firm; Progrexion Holdings, Inc. d/b/a "Progrexion;" Progrexion Teleservices, Inc. d/b/a "Progrexion;" Kevin Jones, Esq.; Adam C. Fullman, Esq.; Lexington Consumer Advocacy, Inc.; and XYZ Corps. 1-20; John Does 1-20. | |
| Defendant. | |

To:     Transunion Custodian of Records
        555 West Adams Street
        Chicago, IL 60661

## ADDENDUM TO SUBPOENA TO PRODUCE DOCUMENTS

**PLEASE TAKE NOTICE** that, pursuant to Rule 34 of the Federal Rules of Civil Procedure and this Court's Local Civil Rules, Plaintiff Ad Astra Recovery Services, Inc. ("Ad Astra") hereby requests that Transunion ("You") respond to the following Subpoena to Produce Documents within thirty (30) days of service of this request.

## INSTRUCTIONS

1.      With respect to documents requested, this request seeks production of all documents described, in their native format, in their entirety, along with any attachments, drafts, and non-identical copies.

2.      The documents requested must include a certification of the authenticity.

3.      Each paragraph herein shall be construed independently and without reference to any other paragraph herein, unless otherwise specified.

4.      In the event that you object to producing any document on the ground that such document or answer is protected by any privilege, you shall provide with respect to each such document or answer the following information: (a) the nature of the document, e.g., letter, memorandum, telegram, etc.; (b) the name, address, occupation, title and business affiliation of each person who prepared, received, viewed and has or has had possession, custody or control of the document; (c) the date of the document; and (d) a statement of the basis upon which the privilege or work product claim is made.

5.      If any document within the scope of this request has been lost, discarded, or destroyed, that document shall be identified, including identification of its author(s), intended or unintended recipient(s), addressee(s), intended or unintended recipient(s) of blind copies, date, and subject matter. The circumstances of its destruction shall be set forth, and any documents relating to such destruction shall be produced.

## **DEFINITIONS**

These Definitions apply throughout these Requests for Production of Documents.

1.       "Concerning" shall mean containing, constituting, considering, comprising, relating to, involving, evidencing, supporting, discussing, regarding, describing, reflecting, studying, commenting or reporting on, mentioning, analyzing, or referring, alluding, or pertaining to, in whole or in part.

2.      "Correspondence" shall mean any hard copy or electronic letter, e-mail, facsimile, telegram, telex, notice, message, memorandum, or other written communication or transcription or notes of the communication and includes all attachments and enclosures thereto.

3.      "Document" and "Documents" are used in their customary broad sense and includes all written, typed, printed, recorded or graphic statements, communications or other

matters, however produced or reproduced, in your possession, custody or control, including, without limitation, all writings; studies; analyses; tabulations; evaluations; reports; reviews; agreements; contracts; communications; letters, e-mail or other correspondence; messages; telegrams; telexes; facsimile transmittals; cables; memoranda; invoices; purchase orders; meeting minutes; sound recordings; or transcripts of personal or telephone conversations; meetings; conferences or interviews; telephone call records; desk calendars; appointment books; forecasts; accountants' work papers; drawings; graphs; charts; maps; diagrams; estimates; tables; indexes; pictures; photographs; films; phonograph records; tapes; microfilms; microfiches; charges; ledgers; accounts; costs sheets; financial statements or reports; statistical or analytical records; minutes or records of boards of directors, committees or other meetings or conferences; reports or summaries of investigation; claims; opinions or reports of consultants or experts; appraisals; reports or summaries of negotiation; books; brochures; pamphlets; circulars; trade letters; press releases; newspaper and magazine clippings; stenographic, handwritten or any other notes; notebooks; projections; court or arbitration papers or pleadings; working papers; checks (front and back); check stubs or receipts; invoice vouchers; tape data sheets or date processing cards or discs or any other written, recorded, transcribed, punched, taped, filed or graph matter, however produced or reproduced; and any other document, writing, or other data compilation of whatever description, including but not limited to any information contained in any computer, although not yet printed out, or in the memory units containing such data from which information can be obtained or translated into reasonable usable form, and all drafts and non-identical copies of the foregoing.

## **DOCUMENT REQUESTS**

1.      All documents in Your possession concerning an Ad Astra Recovery Services, Inc.

tradeline(s) associated with any of the consumers listed below, including any communications

between You and Ad Astra or Lexington Law:

      a.  Arkisha Foriest
         i.  Date of birth: 8/28/1975
        ii.  Last four digits of social security number: 3172
      b.  Demetrius Robertson
         i.  Date of birth: 5/22/1971
        ii.  Last four digits of social security number: 7264
      c.  Joann Damore
         i.  Date of birth: 1/14/1972
        ii.  Last four digits of social security number: 0443
      d.  Sasa Popovic
         i.  Date of birth: 11/1/1982
        ii.  Last four digits of social security number: 4198
      e.  Stevie Richardson
         i.  Date of birth: 3/31/1961
        ii.  Last four digits of social security number: 8730
      f.  Julissia Everette
         i.  Date of birth: 1/24/1992
        ii.  Last four digits of social security number: 1108
      g.  Angie Bates
         i.  Date of birth: 12/22/1970
        ii.  Last four digits of social security number: 8831
      h.  Kanesha Sumling
         i.  Date of birth: 10/6/1991
        ii.  Last four digits of social security number: 9477
      i.  Marvin Horton
         i.  Date of birth: 9/10/1953
        ii.  Last four digits of social security number: 3779
      j.  Eric Martin
         i.  Date of birth: 11/29/1993
        ii.  Last four digits of social security number: 0043

2.      If applicable, identify the name of the furnisher, data furnisher, and/or intended

recipient of each document You produce in response to request number 1.

Dated: March 13, 2020, Cincinnati, Ohio

Respectfully submitted,

BLANK ROME LLP

By: /s/ William L. Purtell
    William L. Purtell (*Pro Hac Vice*)
    1700 PNC Center
    201 East Fifth Street
    Cincinnati, OH 45202
    wpurtell@blankrome.com
    (513) 362-8750 (Phone)
    (513) 362-8769 (Fax)

    Scott E. Wortman (*Pro Hac Vice*)
    Inbal Garrity (*Pro Hac Vice)*
    John Kessler (*Pro Hac Vice*)
    1271 Avenue of the Americas
    New York, New York 10020
    swortman@blankrome.com
    jkessler@blankrome.com
    (212) 885-5000 (Phone)
    (212) 885-3078 (Fax)

    Nicholas Harbist (*Pro Hac Vice*)
    300 Carnegie Center, Suite 220
    Princeton, New Jersey 08540
    Harbist@blankrome.com
    (609) 750-7700 (Phone)
    (609) 750-7701 (Fax)

    Maria Vigilante (*Pro Hac Vice*)
    500 East Broward Boulevard
    Suite 2100
    Fort Lauderdale, FL 33394
    mvigilante@blankrome.com
    (954) 512-1800 (Phone)
    (813) 433-5564 (Fax)

    *- and –*

    Lee Thompson, No. 8361
    Thompson Law Firm LLC

1919 N. Amidon, Suite 315
Wichita, Kansas 67203
Telephone: (316) 267-3933
Fax: (316) 267-3901
Email: lthompson@tslawfirm.com

*Attorneys for Plaintiff Ad Astra
Recovery Services, Inc.*

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of Kansas

| | |
|---|---|
| Ad Astra Recovery Services, Inc. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   18-1145-JWB |
| John Clifford Heath, Esq., et al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:         Equifax, Attn.: Custodian of Records, 1600 Peachtree Street, Atlanta, GA 30309

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attached Addendum.

| Place: 1700 PNC Center, 201 East Fifth Street, Cincinnati, OH 45202. | Date and Time: 03/31/2020 4:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

| CLERK OF COURT | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Ad Astra Recovery Services, Inc. _____ , who issues or requests this subpoena, are:
William Purtell, 1700 PNC Center, 201 East Fifth Street, Cincinnati, OH 45202, wpurtell@blankrome.com, 513-362-8750

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   18-1145-JWB

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS – WICHITA

|  | X |  |
|---|---|---|
| Ad Astra Recovery Services, Inc. | | |
| Plaintiff, | | Civil Action No.:  6:18-cv-01145 |
| vs. | | |
| John Clifford Heath, Esq.; John C. Heath, Attorney at Law, PLLC d/b/a Lexington Law Firm; Progrexion Holdings, Inc. d/b/a "Progrexion;" Progrexion Teleservices, Inc. d/b/a "Progrexion;" Kevin Jones, Esq.; Adam C. Fullman, Esq.; Lexington Consumer Advocacy, Inc.; and XYZ Corps. 1-20; John Does 1-20. | | |
| Defendant. | | |

To:    Equifax Custodian of Records
       1550 Peach Tree Street
       NE Atlanta, Georgia 30309

## ADDENDUM TO SUBPOENA TO PRODUCE DOCUMENTS

**PLEASE TAKE NOTICE** that, pursuant to Rule 34 of the Federal Rules of Civil Procedure and this Court's Local Civil Rules, Plaintiff Ad Astra Recovery Services, Inc. ("Ad Astra") hereby requests that Equifax ("You") respond to the following Subpoena to Produce Documents within thirty (30) days of service of this request.

## INSTRUCTIONS

1.     With respect to documents requested, this request seeks production of all documents described, in their native format, in their entirety, along with any attachments, drafts, and non-identical copies.

2.     The documents requested must include a certification of the authenticity.

3.     Each paragraph herein shall be construed independently and without reference to any other paragraph herein, unless otherwise specified.

4.      In the event that you object to producing any document on the ground that such document or answer is protected by any privilege, you shall provide with respect to each such document or answer the following information: (a) the nature of the document, e.g., letter, memorandum, telegram, etc.; (b) the name, address, occupation, title and business affiliation of each person who prepared, received, viewed and has or has had possession, custody or control of the document; (c) the date of the document; and (d) a statement of the basis upon which the privilege or work product claim is made.

5.      If any document within the scope of this request has been lost, discarded, or destroyed, that document shall be identified, including identification of its author(s), intended or unintended recipient(s), addressee(s), intended or unintended recipient(s) of blind copies, date, and subject matter. The circumstances of its destruction shall be set forth, and any documents relating to such destruction shall be produced.

## **DEFINITIONS**

These Definitions apply throughout these Requests for Production of Documents.

1.       "Concerning" shall mean containing, constituting, considering, comprising, relating to, involving, evidencing, supporting, discussing, regarding, describing, reflecting, studying, commenting or reporting on, mentioning, analyzing, or referring, alluding, or pertaining to, in whole or in part.

2.      "Correspondence" shall mean any hard copy or electronic letter, e-mail, facsimile, telegram, telex, notice, message, memorandum, or other written communication or transcription or notes of the communication and includes all attachments and enclosures thereto.

3.      "Document" and "Documents" are used in their customary broad sense and includes all written, typed, printed, recorded or graphic statements, communications or other

matters, however produced or reproduced, in your possession, custody or control, including, without limitation, all writings; studies; analyses; tabulations; evaluations; reports; reviews; agreements; contracts; communications; letters, e-mail or other correspondence; messages; telegrams; telexes; facsimile transmittals; cables; memoranda; invoices; purchase orders; meeting minutes; sound recordings; or transcripts of personal or telephone conversations; meetings; conferences or interviews; telephone call records; desk calendars; appointment books; forecasts; accountants' work papers; drawings; graphs; charts; maps; diagrams; estimates; tables; indexes; pictures; photographs; films; phonograph records; tapes; microfilms; microfiches; charges; ledgers; accounts; costs sheets; financial statements or reports; statistical or analytical records; minutes or records of boards of directors, committees or other meetings or conferences; reports or summaries of investigation; claims; opinions or reports of consultants or experts; appraisals; reports or summaries of negotiation; books; brochures; pamphlets; circulars; trade letters; press releases; newspaper and magazine clippings; stenographic, handwritten or any other notes; notebooks; projections; court or arbitration papers or pleadings; working papers; checks (front and back); check stubs or receipts; invoice vouchers; tape data sheets or date processing cards or discs or any other written, recorded, transcribed, punched, taped, filed or graph matter, however produced or reproduced; and any other document, writing, or other data compilation of whatever description, including but not limited to any information contained in any computer, although not yet printed out, or in the memory units containing such data from which information can be obtained or translated into reasonable usable form, and all drafts and non-identical copies of the foregoing.

## DOCUMENT REQUESTS

1.      All documents in Your possession concerning an Ad Astra Recovery Services, Inc.

tradeline(s) associated with any of the consumers listed below, including any communications

between You and Ad Astra or Lexington Law:

      a.  Arkisha Foriest
          i.  Date of birth: 8/28/1975
         ii.  Last four digits of social security number: 3172
      b.  Demetrius Robertson
          i.  Date of birth: 5/22/1971
         ii.  Last four digits of social security number: 7264
      c.  Joann Damore
          i.  Date of birth: 1/14/1972
         ii.  Last four digits of social security number: 0443
      d.  Sasa Popovic
          i.  Date of birth: 11/1/1982
         ii.  Last four digits of social security number: 4198
      e.  Stevie Richardson
          i.  Date of birth: 3/31/1961
         ii.  Last four digits of social security number: 8730
      f.  Julissia Everette
          i.  Date of birth: 1/24/1992
         ii.  Last four digits of social security number: 1108
      g.  Angie Bates
          i.  Date of birth: 12/22/1970
         ii.  Last four digits of social security number: 8831
      h.  Kanesha Sumling
          i.  Date of birth: 10/6/1991
         ii.  Last four digits of social security number: 9477
      i.  Marvin Horton
          i.  Date of birth: 9/10/1953
         ii.  Last four digits of social security number: 3779
      j.  Eric Martin
          i.  Date of birth: 11/29/1993
         ii.  Last four digits of social security number: 0043

2.      If applicable, identify the name of the furnisher, data furnisher, and/or intended

recipient of each document You produce in response to request number 1.

Dated: March 13, 2020, Cincinnati, Ohio

Respectfully submitted,

BLANK ROME LLP

By: /s/ William L. Purtell

William L. Purtell (*Pro Hac Vice*)
1700 PNC Center
201 East Fifth Street
Cincinnati, OH 45202
wpurtell@blankrome.com
(513) 362-8750 (Phone)
(513) 362-8769 (Fax)

Scott E. Wortman (*Pro Hac Vice*)
Inbal Garrity (*Pro Hac Vice)*
John Kessler (*Pro Hac Vice)*
1271 Avenue of the Americas
New York, New York 10020
swortman@blankrome.com
jkessler@blankrome.com
(212) 885-5000 (Phone)
(212) 885-3078 (Fax)

Nicholas Harbist (*Pro Hac Vice*)
300 Carnegie Center, Suite 220
Princeton, New Jersey 08540
Harbist@blankrome.com
(609) 750-7700 (Phone)
(609) 750-7701 (Fax)

Maria Vigilante (*Pro Hac Vice*)
500 East Broward Boulevard
Suite 2100
Fort Lauderdale, FL 33394
mvigilante@blankrome.com
(954) 512-1800 (Phone)
(813) 433-5564 (Fax)

*- and –*

Lee Thompson, No. 8361
Thompson Law Firm LLC

1919 N. Amidon, Suite 315
Wichita, Kansas 67203
Telephone: (316) 267-3933
Fax: (316) 267-3901
Email: lthompson@tslawfirm.com

*Attorneys for Plaintiff Ad Astra*
*Recovery Services, Inc.*

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
District of Kansas

| | |
|---|---|
| Ad Astra Recovery Services, Inc. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   18-1145-JWB |
| John Clifford Heath, Esq., et al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:      Experian, Attn.: Custodian of Records, 475 Anton Blvd., Costa Mesa, CA 92626

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attached Addendum.

| Place: 1700 PNC Center, 201 East Fifth Street, Cincinnati, OH 45202. | Date and Time: 03/31/2020 4:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

| CLERK OF COURT | |
|---|---|
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  _____
Ad Astra Recovery Services, Inc.  _____ , who issues or requests this subpoena, are:
William Purtell, 1700 PNC Center, 201 East Fifth Street, Cincinnati, OH 45202, wpurtell@blankrome.com, 513-362-8750

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   18-1145-JWB

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS – WICHITA

|  | X |  |
|---|---|---|
| Ad Astra Recovery Services, Inc. | | Civil Action No.:  6:18-cv-01145 |
| Plaintiff, | | |
| vs. | | |
| John Clifford Heath, Esq.; John C. Heath, Attorney at Law, PLLC d/b/a Lexington Law Firm; Progrexion Holdings, Inc. d/b/a "Progrexion;" Progrexion Teleservices, Inc. d/b/a "Progrexion;" Kevin Jones, Esq.; Adam C. Fullman, Esq.; Lexington Consumer Advocacy, Inc.; and XYZ Corps. 1-20; John Does 1-20. | | |
| Defendant. | | |

To:     Experian Custodian of Records
        475 Anton Boulevard
        Costa Mesa, CA 92626

## ADDENDUM TO SUBPOENA TO PRODUCE DOCUMENTS

**PLEASE TAKE NOTICE** that, pursuant to Rule 34 of the Federal Rules of Civil Procedure and this Court's Local Civil Rules, Plaintiff Ad Astra Recovery Services, Inc. ("Ad Astra") hereby requests that Experian ("You") respond to the following Subpoena to Produce Documents within thirty (30) days of service of this request.

## INSTRUCTIONS

1.      With respect to documents requested, this request seeks production of all documents described, in their native format, in their entirety, along with any attachments, drafts, and non-identical copies.

2.      The documents requested must include a certification of the authenticity.

3.      Each paragraph herein shall be construed independently and without reference to any other paragraph herein, unless otherwise specified.

152153.00601/122240611v.2

4.      In the event that you object to producing any document on the ground that such document or answer is protected by any privilege, you shall provide with respect to each such document or answer the following information: (a) the nature of the document, e.g., letter, memorandum, telegram, etc.; (b) the name, address, occupation, title and business affiliation of each person who prepared, received, viewed and has or has had possession, custody or control of the document; (c) the date of the document; and (d) a statement of the basis upon which the privilege or work product claim is made.

5.      If any document within the scope of this request has been lost, discarded, or destroyed, that document shall be identified, including identification of its author(s), intended or unintended recipient(s), addressee(s), intended or unintended recipient(s) of blind copies, date, and subject matter. The circumstances of its destruction shall be set forth, and any documents relating to such destruction shall be produced.

## **DEFINITIONS**

These Definitions apply throughout these Requests for Production of Documents.

1.       "Concerning" shall mean containing, constituting, considering, comprising, relating to, involving, evidencing, supporting, discussing, regarding, describing, reflecting, studying, commenting or reporting on, mentioning, analyzing, or referring, alluding, or pertaining to, in whole or in part.

2.      "Correspondence" shall mean any hard copy or electronic letter, e-mail, facsimile, telegram, telex, notice, message, memorandum, or other written communication or transcription or notes of the communication and includes all attachments and enclosures thereto.

3.      "Document" and "Documents" are used in their customary broad sense and includes all written, typed, printed, recorded or graphic statements, communications or other

matters, however produced or reproduced, in your possession, custody or control, including, without limitation, all writings; studies; analyses; tabulations; evaluations; reports; reviews; agreements; contracts; communications; letters, e-mail or other correspondence; messages; telegrams; telexes; facsimile transmittals; cables; memoranda; invoices; purchase orders; meeting minutes; sound recordings; or transcripts of personal or telephone conversations; meetings; conferences or interviews; telephone call records; desk calendars; appointment books; forecasts; accountants' work papers; drawings; graphs; charts; maps; diagrams; estimates; tables; indexes; pictures; photographs; films; phonograph records; tapes; microfilms; microfiches; charges; ledgers; accounts; costs sheets; financial statements or reports; statistical or analytical records; minutes or records of boards of directors, committees or other meetings or conferences; reports or summaries of investigation; claims; opinions or reports of consultants or experts; appraisals; reports or summaries of negotiation; books; brochures; pamphlets; circulars; trade letters; press releases; newspaper and magazine clippings; stenographic, handwritten or any other notes; notebooks; projections; court or arbitration papers or pleadings; working papers; checks (front and back); check stubs or receipts; invoice vouchers; tape data sheets or date processing cards or discs or any other written, recorded, transcribed, punched, taped, filed or graph matter, however produced or reproduced; and any other document, writing, or other data compilation of whatever description, including but not limited to any information contained in any computer, although not yet printed out, or in the memory units containing such data from which information can be obtained or translated into reasonable usable form, and all drafts and non-identical copies of the foregoing.

## DOCUMENT REQUESTS

1.      All documents in Your possession concerning an Ad Astra Recovery Services, Inc.

tradeline(s) associated with any of the consumers listed below, including any communications

between You and Ad Astra or Lexington Law:

      a.  Arkisha Foriest
          i.  Date of birth: 8/28/1975
         ii.  Last four digits of social security number: 3172
      b.  Demetrius Robertson
          i.  Date of birth: 5/22/1971
         ii.  Last four digits of social security number: 7264
      c.  Joann Damore
          i.  Date of birth: 1/14/1972
         ii.  Last four digits of social security number: 0443
      d.  Sasa Popovic
          i.  Date of birth: 11/1/1982
         ii.  Last four digits of social security number: 4198
      e.  Stevie Richardson
          i.  Date of birth: 3/31/1961
         ii.  Last four digits of social security number: 8730
      f.  Julissia Everette
          i.  Date of birth: 1/24/1992
         ii.  Last four digits of social security number: 1108
      g.  Angie Bates
          i.  Date of birth: 12/22/1970
         ii.  Last four digits of social security number: 8831
      h.  Kanesha Sumling
          i.  Date of birth: 10/6/1991
         ii.  Last four digits of social security number: 9477
      i.  Marvin Horton
          i.  Date of birth: 9/10/1953
         ii.  Last four digits of social security number: 3779
      j.  Eric Martin
          i.  Date of birth: 11/29/1993
         ii.  Last four digits of social security number: 0043

2.      If applicable, identify the name of the furnisher, data furnisher, and/or intended

recipient of each document You produce in response to request number 1.

Dated: March 13, 2020, Cincinnati, Ohio

Respectfully submitted,

BLANK ROME LLP

By: /s/ William L. Purtell

William L. Purtell (*Pro Hac Vice*)
1700 PNC Center
201 East Fifth Street
Cincinnati, OH 45202
wpurtell@blankrome.com
(513) 362-8750 (Phone)
(513) 362-8769 (Fax)

Scott E. Wortman (*Pro Hac Vice*)
Inbal Garrity (*Pro Hac Vice)*
John Kessler (*Pro Hac Vice)*
1271 Avenue of the Americas
New York, New York 10020
swortman@blankrome.com
jkessler@blankrome.com
(212) 885-5000 (Phone)
(212) 885-3078 (Fax)

Nicholas Harbist (*Pro Hac Vice*)
300 Carnegie Center, Suite 220
Princeton, New Jersey 08540
Harbist@blankrome.com
(609) 750-7700 (Phone)
(609) 750-7701 (Fax)

Maria Vigilante (*Pro Hac Vice*)
500 East Broward Boulevard
Suite 2100
Fort Lauderdale, FL 33394
mvigilante@blankrome.com
(954) 512-1800 (Phone)
(813) 433-5564 (Fax)

*- and –*

Lee Thompson, No. 8361
Thompson Law Firm LLC

1919 N. Amidon, Suite 315
Wichita, Kansas 67203
Telephone: (316) 267-3933
Fax: (316) 267-3901
Email: lthompson@tslawfirm.com

*Attorneys for Plaintiff Ad Astra
Recovery Services, Inc.*