**UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS - WICHITA**

|  |  |
|---|---|
| Ad Astra Recovery Services, Inc.<br><br>    Plaintiff,<br><br> vs.<br><br>John Clifford Heath, Esq.; John C. Heath, Attorney at Law, PLLC d/b/a Lexington Law Firm; Progrexion Holdings, Inc. d/b/a "Progrexion;" Progrexion Teleservices, Inc. d/b/a "Progrexion;" Kevin Jones, Esq.; Adam C. Fullman, Esq.; Lexington Consumer Advocacy, Inc.; and XYZ Corps. 1-20; John Does 1-20.<br><br>    Defendant. | Civil Action No.: 18-1145-JWB |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR
AUTHORIZATION TO ISSUE SUBPOENAS TO
<u>EQUIFAX, EXPERIAN, AND TRANSUNION</u>**

Plaintiff, Ad Astra Recovery Services, Inc. ("Ad Astra" or "Plaintiff") respectfully submits this Memorandum of Law in support of its Motion ("Motion") seeking an Order under 15 U.S. Code § 1681b(a)(1) authorizing Plaintiff to issue subpoenas to the three major credit reporting bureaus: Equifax, Experian, and TransUnion (collectively, the "Bureaus").

**I. INTRODUCTION**

This Motion arises out of Defendants' continued failure to deliver the electronic dispute correspondence sent to credit reporting bureaus, which is a central component of Plaintiff's case. Indeed, the Memorandum and Order filed by this Court on January 23, 2020 [D.E. 142] ("Order Compelling") compelled Responses to Plaintiff's Second Requests for Production of Documents [D.E. 117], which sought, in part, copies of electronic dispute correspondence sent to credit

reporting bureaus by John C. Heath, Attorney at Law, PLLC d/b/a Lexington Law Firm on behalf of its individual consumer clients.

The Court found in its Order Compelling that,

> "Category 6 seeks copies of electronic dispute correspondence sent to credit reporting bureaus ("CRBs"). Ad Astra explains that the parties dispute whether Lexington Law disclosed to the CRBs that Lexington Law was the entity generating the material. Lexington Law states that the electronic correspondence is not a letter but rather is computer code sent to the CRB's computers, so it has no "copies" of the correspondence. … To the extent Lexington Law has possession, custody, or control of responsive documents, it must produce them."

*Order Compelling*, pg. 12.

The Order Compelling required Lexington Law to turn over responsive documents by February 6, 2020. To date, Lexington Law has not produced any computer codes, records, or other documents which were responsive to Category 6.

Likewise, to retrieve relevant information and avoid unnecessarily burdening the Court, Plaintiff served subpoenas on the Bureaus requesting this information (subpoenas returnable December 10, 2019). The Bureaus responded that it may only furnish a consumer report "in response to the order of a court having jurisdiction to issue such an order or a subpoena issued in connection with proceedings before a Federal Grand Jury." This is consistent with 15 U.S.C. § 1681(b)(1) and the Federal Trade Commission's commentary that a subpoena is not an order of a court unless signed by a Judge. 55 Fed. Reg. 18806 (May 4, 1990).

Considering this information is relevant to all parties, Plaintiff attempted to gain Defendants' consent to issuing the subpoenas. On February 18, 2020, Defendants worked with Plaintiff to help re-word the subpoenas. Plaintiff incorporated most of Defendants' suggestions but were not able to finalize the language of the subpoenas before the filing of this motion. Therefore, Defendants have refrained from joining Plaintiff in this motion.

Accordingly, Plaintiff seeks to issue subpoenas directly to the Bureaus themselves to obtain this information.[1]

## II.  ARGUMENT

### A.  Court Authorization Is Necessary to Obtain a Consumer Report.

15 U.S. Code § 1681b(a) is explicit that "any consumer reporting agency may furnish a consumer report under the following circumstances *and no other*." (emphasis added). One of those explicit circumstances is "In response to the order of a court having jurisdiction to issue such an order" *Id*. at (a)(1). This Court has jurisdiction over Lexington Law and the Defendants, by which this Court may authorize inquiry into the electronic dispute correspondence sent by Lexington Law to the Bureaus on behalf of its clients.

Plaintiff would normally have grounds under the FCRA to request consumer reports as part of its regular debt collection business. But, Plaintiff does not wish to litigate with the Bureaus over whether Plaintiff has a permissible purpose under the FCRA to use those reports in this lawsuit, particularly since discovery will soon be closed.[2] Plaintiff requires these reports to create a factual record concerning what information, if any, Lexington Law provided to the Bureaus on behalf of its consumer clients.

Thus, § 1681b(a)(1) is Plaintiff's only viable avenue to obtain this information.

### B.  The Electronic Dispute Correspondence Has Been Deemed Relevant.

The Court, in its Order Compelling, has already determined that the information sought by Plaintiff is relevant to its claims in this case. See *Order Compelling* at pg.6 ("For Categories 1-6,

---

[1] A copy of the proposed subpoena to each Bureau was attached to Plaintiff's motion.
[2] For example, Plaintiff is not offering new credit, not reviewing an account serviced by Plaintiff, not offering an insurance product, and not offering employment as part of this litigation.

3

Ad Astra's statements are enough to meet its minimal burden to demonstrate some measure of relevance").

Plaintiff seeks these electronic dispute records because it needs to determine if the Bureaus were instructed to dispute each Ad Astra trade line for a consumer whenever Lexington Law sent a corresponding letter to the Plaintiff on behalf of that consumer. This would establish whether Lexington Law, and the Defendants in general, intended to treat the letters sent to the Plaintiff in the consumer's name and signature as actual credit disputes from a consumer requiring research and inquiry under the FCRA, instead of merely "inquiries" sent to the Plaintiff, as Defendants claim.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order under 15 U.S. Code § 1681b(a)(1) authorizing Plaintiff to issue subpoenas to Equifax, Experian, and TransUnion to obtain electronic dispute correspondence sent by Lexington Law.

Dated: March 12, 2020, Wichita, Kansas

       Respectfully submitted,

       THOMPSON LAW FIRM, LLC

By: s/ Lee Thompson
    Lee Thompson, No. 8361
    Thompson Law Firm LLC
    1919 N. Amidon, Suite 315
    Wichita, Kansas 67203
    Telephone: (316) 267-3933
    Fax: (316) 267-3901
    Email: lthompson@tslawfirm.com

    *- and –*

       BLANK ROME LLP

    Scott E. Wortman (*Pro Hac Vice*)
    Inbal Garrity (*Pro Hac Vice)*
    John Kessler (*Pro Hac Vice*)
    1271 Avenue of the Americas
    New York, New York 10020
    swortman@blankrome.com
    (212) 885-5000 (Phone)
    (212) 885-3078 (Fax)

    Nicholas Harbist (*Pro Hac Vice*)
    300 Carnegie Center
    Suite 220
    Princeton, New Jersey 08540
    Harbist@blankrome.com
    (609) 750-7700 (Phone)
    (609) 750-7701 (Fax)

    Maria Vigilante (*Pro Hac Vice*)
    500 East Broward Boulevard
    Suite 2100
    Fort Lauderdale, FL 33394
    mvigilante@blankrome.com
    (954) 512-1800 (Phone)
    (813) 433-5564 (Fax)

William L. Purtell (*Pro Hac Vice*)
1700 PNC Center
201 East Fifth Street
Cincinnati, OH 45202
wpurtell@blankrome.com
(513) 362-8750 (Phone)
(513) 362-8769 (Fax)


*Attorneys for Plaintiff Ad Astra Recovery Services, Inc.*

6

152153.00601/122620819v.3