IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

AD ASTRA RECOVERY SERVICES, INC.,

         Plaintiff,

v.                                                                          Case No.  18-1145-JWB

JOHN CLIFFORD HEATH, ESQ., et al.,

         Defendants.

**MEMORANDUM AND ORDER**

This matter comes before the court on Plaintiff's motions to seal (Docs. 288, 290, 292.) The motions are fully briefed and ripe for decision.  (Docs. 288, 291, 293, 295, 297, 300, 301.) For the reasons stated herein, Plaintiff's motions (Doc. 288, 292) are GRANTED IN PART and DENIED IN PART.  Plaintiff's duplicate motion to seal (Doc. 290) is DENIED AS MOOT.

On September 11, 2020, Defendants filed a motion for leave to file under seal a brief in support of their motion for summary judgment and two deposition exhibits (Doc. 270) and a motion for leave to file under seal their brief in support of a motion to exclude and one deposition exhibit (Doc. 266.)  Defendants moved to seal these materials because they contained material Plaintiff Ad Astra Recovery Services, Inc. ("Ad Astra") had designated as confidential under the protective order in this case. (Doc. 22.) The publicly filed briefs in support of their motions included redacted quotes from the exhibits at issue.  The briefs that Defendants sought to file under seal were unredacted.  The court provisionally granted the motions and allowed the materials to remain under seal. (Docs. 279, 280.)  The court directed Ad Astra to file a motion if it wished to maintain the documents under seal.

1

Ad Astra has now filed three motions to seal the materials. One motion was inadvertently filed as a duplicate and Ad Astra subsequently filed an amended motion. (Docs. 290, 292.) Therefore, the inadvertently filed motion is denied as moot. (Doc. 290.) The court will address the remaining two motions to seal.

Federal courts "recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc*., 435 U.S. 589, 597 (1978). The court has the "authority to seal documents before it, based upon the court's inherent supervisory authority over its own files and records." *United States v. Pickard*, 733 F.3d 1297, 1300 (10th Cir. 2013). The party seeking to seal the documents must articulate "a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process." *Williams v. FedEx Corp. Servs*., 849 F.3d 889, 905 (10th Cir. 2017) (citation omitted).

First, Ad Astra moved to seal excerpts of the deposition of its expert, Ricardo Zayas, and the portions of his deposition quoted in the memorandum in support of excluding the opinion. (Docs. 288, 293.) This deposition was not originally sealed. Defendants objected to the motion on the basis that it sought to seal an exhibit that was not provisionally sealed by the court or designated confidential. In its reply brief, Ad Astra states that it inadvertently cited to the wrong exhibit and only seeks to seal portions from the deposition of Sarah Kruger, the Operations Manager for Ad Astra. (Docs. 265, 266, 300.)

With respect to Ad Astra's second motion, Ad Astra seeks to seal portions of the depositions of Tracy Bengtson and Sarah Kruger, which are included as exhibits 5 and 6 to Defendants' motion for summary judgment, and also seal portions of the memorandum that quote those depositions. (Doc. 292.) In doing so, Ad Astra states that the portions of the depositions

"reveal confidential and proprietary information about Plaintiff's business model….[and] policies and procedures." (Doc. 291 at 2.) In addition to moving to seal the portions of the depositions that were provisionally sealed, Ad Astra also identified additional pages that had not previously been designated as confidential. Defendants objected to these new pages but take no position as to the pages that had previously been designated as confidential and provisionally sealed. (Doc. 295 at 4.) In its reply, Ad Astra states that it is not seeking to seal the newly identified pages but only seeks to seal the pages that the court provisionally sealed. (Doc. 301.)

In support of its motions to seal, Ad Astra states that the deposition testimony reveals confidential and proprietary information regarding Ad Astra's policies and procedures and business model. The court has reviewed the identified pages of the depositions and finds that those pages appear to include information regarding business practices such as procedures regarding the handling of disputes and lending practices. One page identified by Ad Astra includes specific consumer information. Also, based on its position in the reply briefs, Ad Astra has narrowed its request to seal only portions of the testimony that contains confidential information. *See James v. Boyd Gaming Corp.*, No. 19-2260-DDC-JPO, 2020 WL 4569153, at *1 (D. Kan. Aug. 7, 2020) (granting motion to seal to redact portions of deposition testimony.)

The court finds that Ad Astra has met its burden to overcome the presumption of a right to access to judicial records by identifying a real and substantial interest justifying sealing. *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007).

## Conclusion

Ad Astra's motions to seal are GRANTED IN PART and DENIED IN PART. (Docs. 288, 292.) The following portions of deposition exhibits shall be maintained under seal: Tracy Bengston, pages 33 and 207; Sarah Kruger, pages 24-26 and 143-44. (Docs. 284, 286, 287.)

Defendants' unredacted memoranda are also to remain under seal. (Docs. 283, 285.) Defendants' redacted memoranda, which quote portions of these sealed exhibits, are to remain redacted and filed publicly. (Docs. 265, 269.) Ad Astra's inadvertently filed motion to seal is DENIED AS MOOT. (Doc. 290.)

IT IS SO ORDERED. Dated this 7th day of October, 2020.

                                                  ___s/ John W. Broomes_____
                                                  JOHN W. BROOMES
                                                  UNITED STATES DISTRICT JUDGE