IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

AD ASTRA RECOVERY SERVICES, INC.,

        Plaintiff,

v.                                                                                              Case No.  18-1145-JWB

JOHN CLIFFORD HEATH, ESQ., et al.,

        Defendants.

**MEMORANDUM AND ORDER**

This matter comes before the court on Plaintiff's motion to seal (Doc. 320) and Defendants' motions to seal (Docs. 322, 324[1]).  For the reasons stated herein, the motions are GRANTED.

Between October 9 and 16, 2020, Plaintiff filed four motions for leave to file under seal (Docs. 305, 307, 309, 311.)  Those motions sought to file under seal unredacted responses to Defendants' motions for summary judgment and a motion to exclude.  They also sought to seal several exhibits because they contained material that were designated either "confidential" or "attorneys eyes only."  The publicly filed briefs and exhibits were redacted. (Docs. 304, 306, 308, 310.) The court provisionally granted the motions and allowed the materials to remain under seal. (Docs. 312, 313, 314, 315.)  The court directed the parties to file a motion if they wished to maintain the documents under seal.

The parties have now filed motions to seal the materials.  Federal courts "recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc*., 435 U.S. 589, 597 (1978).  The court has the

---

[1] Defendant's filed an amended motion to seal after discovering that they inadvertently omitted two documents from their original motion.  (Doc. 325 at 1, n. 1.)

1

"authority to seal documents before it, based upon the court's inherent supervisory authority over its own files and records." *United States v. Pickard*, 733 F.3d 1297, 1300 (10th Cir. 2013). The party seeking to seal the documents must articulate "a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process." *Williams v. FedEx Corp. Servs.*, 849 F.3d 889, 905 (10th Cir. 2017) (citation omitted).

With respect to Defendants' motions, they have articulated a real and substantial interest justifying sealing. (Docs. 323, 325.) Notably, several exhibits have already been sealed pursuant to prior orders entered by the court and the reasons for sealing the prior exhibits also justify the sealing of the remainder of the exhibits. (*See* Docs. 172, 180, 247, 278). With respect to Plaintiff's response to Defendants' motion for summary judgment, there are three exhibits that Defendants do not seek to seal: Exhibits 3, 21, and 52 to Doc. 310. (Doc. 325 at 2, n. 2.) (Sealed exhibits are filed at Doc. 318.) Plaintiff has not moved to seal these documents. Therefore, the clerk is ordered to unseal those documents from the sealed entry at Doc. 318. With respect to Plaintiff's response to Defendant's motion to exclude the opinions of Ricardo Zayas (Doc. 304), Defendants seek to seal exhibits 6 and 7. (Doc. 325 at 4.) Reviewing the docket sheet, Plaintiff initially sought to seal the unredacted memorandum and exhibits 1 through 7. (Doc. 305.) The court provisionally granted this motion (Doc. 312) but Plaintiff has not yet filed the sealed documents as directed. Moreover, Plaintiff has not filed a supplemental motion to seal exhibits 1 through 5. Defendants have articulated a real and substantial interest to justify maintaining exhibits 6 and 7 under seal. No party has set forth a real and substantial interest to justify sealing exhibits 1 through 5. Therefore, Plaintiff is directed to file his unredacted brief under seal along with exhibits 6 and 7. Plaintiff is also directed to file a redacted brief and exhibits 1 through 5 on the public docket.

2

With respect to Plaintiff's motion, Plaintiff seeks to seal portions of the depositions of Tracy Bengtson and Sarah Kruger, which are included as exhibits 10 and 11 in Plaintiff's response to Defendants' motion for summary judgment, and also seal portions of the memorandum that quote those depositions. (Doc. 321.) In doing so, Plaintiff states that the portions of the depositions "reveal confidential and proprietary information about Plaintiff's business model." (Doc. 321 at 2.) The court finds that Plaintiff has articulated a real and substantial interest justifying sealing the exhibits. The court has previously sealed portions of these witnesses' depositions based on similar justifications. (Doc. 302.)

The court finds that Plaintiff and Defendants have met their burdens to overcome the presumption of a right to access to judicial records by identifying a real and substantial interest justifying sealing. *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007).

## Conclusion

The motions to seal are GRANTED. (Docs. 320, 322, 324.) Plaintiff's unredacted memoranda are to remain under seal. (Docs. 316, 317, 318.) Plaintiff is directed to file his unredacted memorandum in response to Defendants' motion to exclude under seal along with sealed exhibits 6 and 7. (Doc. 312.) Plaintiff must file his redacted response to Defendants' motion to exclude and exhibits 1 through 5 on the public docket. Plaintiff's redacted memoranda, which quotes portions of the sealed exhibits, are to remain redacted and filed publicly. (Docs. 304, 306, 308, 310.)

The clerk is directed to unseal Exhibits 3, 21, and 52 to Doc. 318.

IT IS SO ORDERED. Dated this 17th day of November, 2020.

\_\_s/ John W. Broomes_____  
JOHN W. BROOMES  
UNITED STATES DISTRICT JUDGE