IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

AD ASTRA RECOVERY SERVICES, INC.,

      Plaintiff,

v.                                      Case No.  18-1145-JWB

JOHN CLIFFORD HEATH, ESQ., et al.,

      Defendants.

**MEMORANDUM AND ORDER**

This matter comes before the court on Plaintiff's motion for prejudgment attachment (Doc. 332).  The motion has been fully briefed and the court is prepared to rule.  (Docs. 333, 348, 353.)  For the reasons stated herein, Plaintiff's motion for attachment is DENIED.

### I.      Facts and Procedural History

Plaintiff Ad Astra is a debt collector and credit agency.  Plaintiff alleges that Defendants - Lexington Law, certain attorneys with the law firm, and other related corporate entities - "engaged in a fraudulent credit-repair scheme designed to bombard debt collectors with false credit dispute letters with the intention of deceiving debt collectors."  (Doc. 120 at ¶ 3.)  None of Defendants are citizens of Kansas.  Plaintiff brings claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962(c) and (d), and a Kansas common law fraud claim.  (Doc. 257.)  Essentially, Plaintiff alleges that Defendants engaged in a fraudulent scheme by sending mass credit-dispute letters to creditors in the consumer-clients' names without disclosing that Lexington Law prepared the letters and transmitted them.  Plaintiff claims that this was designed to circumvent the Fair Credit Reporting Act and triggered Plaintiff to perform certain

investigative requirements.  (Doc. 257 at 19-20.)  Plaintiff alleges that this violates RICO in that

Defendants utilized the mails and interstate wires to engage in this fraudulent scheme.  (*Id.* at 31.)

This case was filed in May 2018 and is set for trial in May 2021.  In the middle of summary

judgment briefing, Plaintiff filed this motion for prejudgment attachment.  Plaintiff seeks an order

of attachment so that Plaintiff may attach $3,000,000 in Defendants' assets.  Defendants object to

the court entering an order of attachment on several grounds.

## II.     Analysis

Pursuant to Federal Rule of Civil Procedure 64, the prejudgment attachment remedy

available under Kansas state law is a remedy available in this court.  Plaintiff's motion is governed

by the Kansas statutes applicable to attachment.  Pursuant to K.S.A. 60-701,

> [s]ubject to the provisions of K.S.A. 60-703, and amendments thereto, the plaintiffs
> at or after the commencement of any civil action may have, as an incident to the
> relief sought, one or more attachments against the property of the defendant, or that
> of any one or more of several defendants, when the defendant whose property is to
> be attached:
>
> (1) is a nonresident of the state or a foreign corporation, or…
> (6) fraudulently contracted the debt or fraudulently incurred the liability….

In its motion for the remedy, Plaintiff asserts the above subsections entitles it to an attachment

order.  Under Kansas law, a court is to issue an attachment order upon the filing of a petition stating

a claim, an affidavit, and a bond.  K.S.A. 60-703.  The affidavit must set forth facts stating 1) the

statutory grounds for attachment; 2) that Plaintiff has a "just claim" against Defendants; and 3) the

amount Plaintiff believes that it ought to recover.  K.S.A. 60-704.  Typically, the court will enter

an order after Plaintiff has complied with the statutory requirements and later conduct a hearing

upon a motion to dissolve.  *Centrinex, LLC v. Darkstar Grp., Ltd*, No. 12-2300-SAC, 2012 WL

5361507, at *1 (D. Kan. Oct. 31, 2012) (citing *Mid–States Ag–Chem Co., Inc. v. Atchison Grain

Co., Inc*., 750 F. Supp. 465, 467–68 (D. Kan. 1990)).  In this case, the court did not immediately

enter an attachment order and allowed further briefing because of concerns regarding the propriety of the proposed attachment order. "Attachment is an extraordinary prejudgment remedy that enables a plaintiff to secure a contingent lien on defendant's property at the inception of a lawsuit. It has traditionally served the dual purposes of compelling the appearance of a defendant who cannot otherwise be haled into court, and providing security for any judgment that plaintiff might ultimately recover." *Pinsky v. Duncan*, 898 F.2d 852, 853 (2d Cir.), *opinion amended on reh'g*, 907 F.2d 17 (2d Cir. 1990), and *aff'd and remanded sub nom. Connecticut v. Doehr*, 501 U.S. 1 (1991) (citing 7 C.J.S. Attachment § 4 (1980)).

In its motion, although Plaintiff has submitted evidence that it obtained a bond, Plaintiff does not specifically identify the property to be attached and admits that Defendants do not have any property in Kansas. (Doc. 333 at 5.) Plaintiff seeks an order of attachment that states that the order may be provided to the Marshal, county sheriff, or other officer, "for the purpose of attaching the assets of the Defendants, wherever they may be found." (Doc. 348-2 at 2.) The proposed order further states that the attachment shall be against cash, bank accounts, receivables, and personal property. Plaintiff also submitted an attachment order in the form prescribed by the Kansas Judicial Council which specifically stated that it was to attach real and personal property in Sedgwick County, Kansas. (Doc. 348-3.) Plaintiff's motion and affidavit, however, do not suggest that any Defendant has property in Sedgwick County, Kansas. Rather, it states the opposite.

Defendants object to the motion and have submitted declarations in which they all declare that they have no property in the state of Kansas. (Docs. 348-4 through 348-7, 349-1.) They also declare that they have not concealed, removed, assigned, or conveyed any property with the intent to hinder or delay Plaintiff in the event Plaintiff obtains a judgment against Defendants. (*Id.*) Defendants assert that Kansas law does not provide for extra-territorial jurisdiction to attach to

3

property outside of its borders.  In reply, Plaintiff cites to *Land Mfg., Inc. v. Highland Park State*

*Bank*, 205 Kan. 526, 529, 470 P.2d 782 (1970) for the proposition that the situs of the debt is of

little importance.  (Doc. 353 at 2.)  That case, however, does not state that Kansas courts have

jurisdiction to enter orders attaching property that is outside of Kansas.  Moreover, although

Plaintiff states that the authority was construing K.S.A. 60-706, which discusses the contents of

an attachment order and the manner of serving the same, it was not.  Rather, the Kansas Supreme

Court addressed K.S.A. 60-308, the long-arm statute, and garnishment proceedings.  *See Land*

*Mfg., Inc.,* 470 P.2d at 785-86.  Moreover, the language quoted by Plaintiff supports the court's

finding that Kansas courts are without jurisdiction to reach out of its boundaries with respect to

property.  The Kansas Supreme Court stated that a party may use garnishment or attachment when

"the property of a nonresident is within the jurisdiction of the court."  *Id.* at 785 (quoting 6 Am.

Jur.2d, Attachment and Garnishment § 19, p. 574).  The full quote in the case also includes the

following:

> It is a fundamental rule, at least with respect to tangible property, that in attachment
> or garnishment proceedings **the res must be within the jurisdiction of the court**
> **issuing the process**, either actually or constructively.  **Property outside the state**
> **cannot be attached** or garnished, even though the court has personal jurisdiction
> over the garnishee.

*Id.* (quoting 6 Am. Jur.2d, Attachment and Garnishment § 19, p. 574) (emphasis supplied).

Plaintiff has failed to cite any authority for the proposition that the Kansas attachment statute

provides authority to attach property that is outside of the state of Kansas.

Seeming to realize that it will be unable to obtain an order in the form it seeks, Plaintiff

suggests that this court can somehow attach Defendants' customers' property by confiscating

contractual payments owed to Defendants.  Using "legal imagination," Plaintiff argues that it

"could require these in-state consumers to turn over their contractual payments to the executing

officer in lieu of paying Lexington." (Doc. 353 at 2.)  Plaintiff seems to suggest that a Kansas sheriff could serve the attachment order on all 39,961 consumer clients in Kansas and demand payments under the contracts.  (*Id.*)  Although Plaintiff chastises Defendants for not using their legal imagination to come up with this idea, Plaintiff fails to provide any authority for such a proposition.  Moreover, Plaintiff makes no attempt to identify any consumer client that is holding past due obligations.  *City of Arkansas City v. Anderson*, 12 Kan. App. 2d 490, 494, 749 P.2d 505, 508 (1988) (discussing that payments due under a contract are not subject to garnishment until the payments become due).  In any event, the court would not allow such an extraordinary remedy that would involve a sheriff demanding payment from consumers who are not parties to this action.

The court further finds that Tracy Bengtson's affidavit in support of Plaintiff's motion does not demonstrate that Plaintiff has a "just claim" against Defendants.  *See* K.S.A. 60-704.  Bengtson states that Plaintiff "has a just claim as set forth in Plaintiff's pleadings." (Doc. 332-1 at 3.)  The allegations in Plaintiff's complaint and as set forth in the pretrial order are hotly contested by Defendants -- as is Plaintiff's claim for $3,000,000 in damages -- and motions for summary judgment are currently pending.

Plaintiff's motion is therefore denied.

### III.    Conclusion

Plaintiff's motion for prejudgment attachment (Doc. 332) is DENIED.

IT IS SO ORDERED.  Dated this 14th day of December 2020.

__s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE

5