IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

AD ASTRA RECOVERY SERVICES, INC.,

      Plaintiff,

v.                                             Case No.  18-1145-JWB

JOHN CLIFFORD HEATH, ESQ., et al.,

      Defendants.

**MEMORANDUM AND ORDER**

This case comes before the court on Plaintiff's motion for reconsideration (Doc. 377).  The motion has been fully briefed and the court is prepared to rule.  (Docs. 378, 381, 407, 408.)  For the reasons set forth herein, Plaintiff's motion is DENIED, without prejudice to refiling at trial.

This case is currently set for trial on November 1.  Plaintiff has retained an expert, Ricardo Zayas, to testify regarding Plaintiff's damages in this action brought under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962(c) and (d), and a Kansas common law fraud claim.  (Doc. 257-1.)  The facts pertaining to this action are set forth in this court's memorandum and order on the motions for summary judgment.  (Doc. 363.)  Essentially, Plaintiff alleges that Defendants engaged in a scheme to defraud that involved deception to its consumer clients, false statements in thousands of credit dispute letters, using the mails and wires to transmit forged and disguised communications, misrepresenting itself as a reseller to the credit bureaus, deceiving Plaintiff regarding the dispute letters, and misrepresenting the accuracy of debts in the dispute letters.  (Doc. 257-1 at 18-19.)  In ruling on the summary judgment motion, the court determined that summary judgment was appropriate regarding the allegations that Defendants engaged in fraud when Lexington Law misrepresented its status as a reseller and contracted with

1

the Bureaus to hide its identity in initiating e-disputes. (Doc. 363 at 23-25.) At the time of ruling, the parties had already briefed the motion to exclude Zayas' opinions. In its motion, Defendants sought to exclude Zayas' opinion regarding his calculation of damages regarding the e-disputes.[1] In ruling on this issue, the court held that the opinion was reliable and that Zayas could opine regarding the cost to respond to e-disputes. However, the court further found that his total damages calculation based on Plaintiff's cost in responding to every e-dispute submitted by Lexington Law was not relevant after the court's ruling that Plaintiff had not established a dispute of fact as to a scheme to defraud involving the misrepresentations concerning Lexington Law's identity in connection with the e-disputes. (Doc. 373 at 16-17.) Therefore, that meant that Zayas' opinion on e-dispute damages was limited to those e-disputes which contained misrepresentations regarding the accuracy of the negative tradeline at issue.

Plaintiff now asks the court to reconsider its decision until the evidence is fully presented at trial. Plaintiff argues that the court "misapprehended the facts" in its ruling and that Plaintiff will show that the damages pertaining to e-disputes are relevant because these damages are a result of the larger scheme to defraud.[2] (Doc. 378 at 3.) In response, Defendants argue that Plaintiff cannot recover costs that were not caused by a RICO predicate act, that the court has determined that the e-disputes did not contain any misrepresentations, and that Zayas' opinion regarding these damages were premised on the belief that those e-disputes contained fraudulent misrepresentations.

---

[1] Defendants sought to exclude several opinions set forth in Zayas' report. Although this court made several rulings in that order, Plaintiffs only seek reconsideration of the ruling on the damages pertaining to the e-disputes.

[2] This argument was not raised in the briefing on the *Daubert* motion although the pretrial order does include several allegations regarding the overall scheme to defraud and then general allegations that the scheme caused all of Plaintiff's damages. The court will not foreclose an opportunity to raise this argument, however, because the court's decision was based on the summary judgment ruling which had not been issued at the time of the briefing on the *Daubert* motion.

The Supreme Court has held that "the compensable injury flowing from a [RICO] violation ... necessarily is the harm caused by [the] predicate acts." *Hemi Grp., LLC v. City of New York, N.Y.*, 559 U.S. 1, 13 (2010); *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 497 (1985) ("the compensable injury necessarily is the harm caused by predicate acts sufficiently related to constitute a pattern, for the essence of the violation is the commission of those acts in connection with the conduct of an enterprise.")  Plaintiff argues that it will present evidence that the scheme to defraud included deception to the consumer clients and that Defendants' scheme involved a coordinated effort of slamming Plaintiff with both written disputes and e-disputes to increase the level of pressure on Plaintiff.  Plaintiff asserts that it will show that the e-disputes furthered the fraud scheme and, therefore, the evidence on these damages is relevant.  Although these allegations regarding the scheme to defraud were included in Plaintiff's contentions in the pretrial order, they were not the issue before the court in the summary judgment motions.  The court declines to engage in an analysis at this time regarding the potential evidence and whether this evidence would reasonably support an inference that this injury flows from a RICO violation.

If the court excludes evidence on a pretrial ruling based on relevancy, such a ruling does not preclude the admissibility of that evidence if it otherwise becomes relevant at trial.  *See Blackmon v. Sutton*, No. 05-1029-MLB, 2014 WL 4843973, at *1 (D. Kan. Sept. 29, 2014) (citing *Turley v. State Farm Mut. Ins. Co.*, 944 F.2d 669, 673 (10th Cir. 1991) ("The better practice would seem to be that evidence of this nature ... should await development of the trial itself.")).  If Plaintiff believes that the court should reconsider its ruling based on the evidence that comes in at trial, Plaintiff may file a motion at that time.  Along with arguments regarding applicable legal authority, the motion should identify the evidence of the predicate acts introduced at trial and evidence that

3

supports Plaintiff's position that these damages flow from those predicate acts.[3]  Defendants may then present argument in opposition.

Plaintiff's motion for reconsideration (Doc. 377) is DENIED, without prejudice to refiling at trial.

IT IS SO ORDERED.  Dated this 10th day of August, 2021.

                                                       s/ John W. Broomes
                                                      JOHN W. BROOMES
                                                      UNITED STATES DISTRICT JUDGE

---

[3] As raised by Defendants, Zayas cannot testify that these damages are the result of the "full spread" or "consumer fraud" theories if his report and testimony did not include this opinion.  This would not prevent him from offering his opinion as to his calculation of Plaintiff's costs in responding to the e-disputes, however, if the evidence was otherwise determined to be relevant because of testimony and/or evidence offered during trial.