FILED
U.S. District Court
District of Kansas

NOV 1 8 2021

Clerk, U.S. District Court
By J Roach Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

AD ASTRA RECOVERY SERVICES, INC.,

        Plaintiff,

v.

                                      Case No. 18-1145-JWB

JOHN CLIFFORD HEATH; JOHN C. HEALTH,
ATTORNEY AT LAW, PC d/b/a LEXINGTON LAW FIRM;
PGX HOLDINGS, INC.; PROGREXION HOLDINGS, INC.;
PROGREXION TELESERVICES, INC.; PROGREXION
ASG, INC.; PROGREXION MARKETING, INC.;
PROGREXION IP, INC. d/b/a "PROGREXION";
KEVIN JONES; ADAM C. FULLMAN; and JEFFREY R. JOHNSON,

        Defendant.

## JURY VERDICT

      We, the Jury, duly empaneled and sworn upon our oaths, do unanimously make the

following answers to the special questions submitted by the Court.

**A.**      **Count One - RICO 18 U.S.C. § 1962(c) (Against all Defendants)**

1.      Did a civil RICO association-in-fact enterprise affecting interstate or foreign commerce
exist among Defendants?

        _____YES       X____NO

      If your answer to Question 1 is "YES," proceed to Question 2.  If the answer is "NO,"
proceed to Question 1 under Count Two.

2.      Was a Defendant associated with or employed by the enterprise?  (Select "YES" or "NO"
for each Defendant)

| | | |
|---|---|---|
| Lexington Law Firm | _____YES | _____NO |
| PGX Holdings | _____YES | _____NO |
| Progrexion Holdings | _____YES | _____NO |
| Progrexion IP | _____YES | _____NO |
| Progrexion Marketing | _____YES | _____NO |

Progrexion Teleservices      _____YES      _____NO

John Heath      _____YES      _____NO

Adam Fullman      _____YES      _____NO

Kevin Jones      _____YES      _____NO

Jeffrey Johnson      _____YES      _____NO

If the answer to Question 2 is "YES" for all Defendants, proceed to Question 3.  If the answer is "YES" for only certain Defendants, proceed to Question 3 for only those Defendants.  If the answer to Question 2 is "NO" for all Defendants, proceed to Question 1 under Count Two.

3.     Did a Defendant conduct, or participate in the conduct of, the enterprise through a pattern of racketeering activity? (Select "YES" or "NO" for each Defendant)

Lexington Law Firm      _____YES      _____NO

PGX Holdings      _____YES      _____NO

Progrexion Holdings      _____YES      _____NO

Progrexion IP      _____YES      _____NO

Progrexion Marketing      _____YES      _____NO

Progrexion Teleservices      _____YES      _____NO

John Heath      _____YES      _____NO

Adam Fullman      _____YES      _____NO

Kevin Jones      _____YES      _____NO

Jeffrey Johnson      _____YES      _____NO

If the answer to Question 3 is "YES" for any Defendant, proceed to the sub-questions below and then to Question 4.  If the answer to Question 3 is "NO" for all Defendants, proceed to Question 1 under Count Two.

a.     Did you find that the pattern of racketeering activity involved a scheme to defraud by employing material false or fraudulent pretenses, representations, or promises concerning the source, author, and place of mailing of the dispute correspondence?

_____YES      _____NO

b.     Did you find that the pattern of racketeering activity involved a scheme to defraud by employing material false or fraudulent pretenses, representations, or promises concerning the accuracy of the disputed tradeline in the communications to Ad Astra?

_____YES      _____NO

c.      Did you find that the pattern of racketeering activity involved a scheme to defraud by employing material false or fraudulent pretenses, representations, or promises to the consumer clients regarding the services provided by Lexington Law?

_____YES          _____NO

4.      Do you find that Ad Astra was injured in its business because of the RICO enterprise's racketeering activity?

_____YES          _____NO

If you answered "YES," proceed to question 5.  If you answered "NO," proceed to Count Two.

5.      What amount, in dollars, do you find would compensate Ad Astra for injuries caused by reason of Defendants' violation of RICO through a pattern of racketeering acts as set forth above?

Costs responding to letter correspondence

$_____

Costs responding to electronic correspondence

$_____

Lost commissions

$_____

**B.      Count Two - RICO Conspiracy 18 U.S.C. § 1962(d) (Against all Defendants)**

1.      Do you find that a conspiracy or agreement existed among two or more Defendants to participate in the affairs of a RICO association-in-fact enterprise that affected interstate commerce through a pattern of racketeering activity?

_____YES          ___X___NO

If your answer to Question 1 is "YES," proceed to Question 2.  If the answer is "NO," proceed to Question 1 under Count Three.

2.      Do you find that Defendants, or any of them, deliberately joined or became a member of the conspiracy or agreement with knowledge of its purpose?  (Select "YES" or "NO" for each Defendant)

Lexington Law Firm                    _____YES          _____NO

| | | |
|---|---|---|
| PGX Holdings | _____YES | _____NO |
| Progrexion Holdings | _____YES | _____NO |
| Progrexion IP | _____YES | _____NO |
| Progrexion Marketing | _____YES | _____NO |
| Progrexion Teleservices | _____YES | _____NO |
| John Heath | _____YES | _____NO |
| Adam Fullman | _____YES | _____NO |
| Kevin Jones | _____YES | _____NO |
| Jeffrey Johnson | _____YES | _____NO |

If the answer to Question 2 is "YES" for all Defendants, proceed to Question 3.  If the answer is "YES" for only certain Defendants, proceed to Question 3 for only those Defendants. If the answer to Question 2 is "NO" for all Defendants, proceed to Question 1 under Count Three.

3.      Do you find that Defendants agreed that someone would commit at least two of the racketeering acts alleged?

| | | |
|---|---|---|
| Lexington Law Firm | _____YES | _____NO |
| PGX Holdings | _____YES | _____NO |
| Progrexion Holdings | _____YES | _____NO |
| Progrexion IP | _____YES | _____NO |
| Progrexion Marketing | _____YES | _____NO |
| Progrexion Teleservices | _____YES | _____NO |
| John Heath | _____YES | _____NO |
| Adam Fullman | _____YES | _____NO |
| Kevin Jones | _____YES | _____NO |
| Jeffrey Johnson | _____YES | _____NO |

If the answer to Question 3 is "YES" for any Defendant, proceed to Question 4.  If the answer to Question 3 is "NO" for all Defendants, proceed to Question 1 under Count Three.

4.      Do you find that there was interdependence among the members of the conspiracy?

_____YES          _____NO

If your answer to Question 4 is "YES," proceed to Question 5.  If the answer is "NO," proceed to Question 1 under Count Three.

5.      Do you find that Ad Astra was injured in its business because of the RICO conspiracy?

_____YES          _____NO

If you answered "YES," proceed to question 6.  If you answered "NO," proceed to Count Three.

6.      What amount, in dollars, do you find would compensate Ad Astra for injuries caused by reason of Defendants' violation of RICO?

Costs responding to letter correspondence

$_____

Costs responding to electronic correspondence

$_____

Lost commissions

$_____

**C.      Count Three - RICO 18 U.S.C. § 1962(c) (Alternative RICO Enterprise - Against all Defendants except Lexington Law)**

1.      Is Lexington Law a civil RICO enterprise affecting interstate or foreign commerce?

_____YES          ☒ NO

If the answer to Question 1 is "YES," proceed to Question 2.  If the answer is "NO," proceed to Question 1 under Count Four.

2.      Was a Defendant associated with or employed by the enterprise?  (Select "YES" or "NO" for each Defendant)

| | | | | |
|---|---|---|---|---|
| PGX Holdings | _____YES | | _____NO |
| Progrexion Holdings | _____YES | | _____NO |
| Progrexion IP | _____YES | | _____NO |

| | | |
|---|---|---|
| Progrexion Marketing | _____YES | _____NO |
| Progrexion Teleservices | _____YES | _____NO |
| John Heath | _____YES | _____NO |
| Adam Fullman | _____YES | _____NO |
| Kevin Jones | _____YES | _____NO |
| Jeffrey Johnson | _____YES | _____NO |

If the answer to Question 2 is "YES" for all Defendants, proceed to Question 3.  If the answer is "YES" for only certain Defendants, proceed Question 3 for only those Defendants.  If the answer to Question 2 is "NO" for all Defendants, proceed to Question 1 under Count Four.

3.      Did a Defendant conduct, or participate in the conduct of, the enterprise through a pattern of racketeering activity? (Select "YES" or "NO" for each Defendant)

| | | |
|---|---|---|
| PGX Holdings | _____YES | _____NO |
| Progrexion Holdings | _____YES | _____NO |
| Progrexion IP | _____YES | _____NO |
| Progrexion Marketing | _____YES | _____NO |
| Progrexion Teleservices | _____YES | _____NO |
| John Heath | _____YES | _____NO |
| Adam Fullman | _____YES | _____NO |
| Kevin Jones | _____YES | _____NO |
| Jeffrey Johnson | _____YES | _____NO |

If the answer to Question 3 is "YES" for any Defendant, proceed to the sub-questions below and then to Question 4.  If the answer to Question 3 is "NO" for all Defendants, proceed to Question 1 under Count Four.

a.      Did you find that the pattern of racketeering activity involved a scheme to defraud by employing material false or fraudulent pretenses, representations, or promises concerning the source, author, and place of mailing of the dispute correspondence?

_____YES            _____NO

b.      Did you find that the pattern of racketeering activity involved a scheme to defraud by employing material false or fraudulent pretenses, representations, or promises concerning the accuracy of the disputed tradeline in the communications to Ad Astra?

_____YES            _____NO

      c.      Did you find that the pattern of racketeering activity involved a scheme to defraud by employing material false or fraudulent pretenses, representations, or promises to the consumer clients regarding the services provided by Lexington Law?

        _____YES          _____NO

4.      Do you find that Ad Astra was injured in its business because of the RICO enterprise's racketeering activity?

        _____YES          _____NO

      If you answered "YES," proceed to Question 5. If you answered "NO," proceed to Count Four.

5.      What amount, in dollars, do you find would compensate Ad Astra for injuries caused by reason of Defendants' violation of RICO through a pattern of racketeering acts as set forth above?

      Costs responding to letter correspondence

      $_____

      Costs responding to electronic correspondence

      $_____

      Lost commissions

      $_____

**D.      Count Four - RICO Conspiracy 18 U.S.C. § 1962(d) (Alternative RICO Enterprise Conspiracy - Against all Defendants except Lexington Law)**

1.      Is Lexington Law a civil RICO enterprise affecting interstate or foreign commerce?

        _____YES          __X____NO

      If the answer to Question 1 is "YES," proceed to Question 2. If the answer is "NO," proceed to Question 1 under Count Six.

2.      Do you find that a conspiracy or agreement existed among two or more Defendants to participate in the affairs of the Lexington Law RICO enterprise through a pattern of racketeering activity?

        _____YES          _____NO

      If the answer to Question 2 is "YES," proceed to Question 3. If the answer is "NO," proceed to Question 1 under Count Six.

3.     Do you find that Defendants, or any of them, deliberately joined or became a member of the conspiracy or agreement with knowledge of its purpose?  (Select "YES" or "NO" for each Defendant)

PGX Holdings                    _____YES              _____NO

Progrexion Holdings             _____YES              _____NO

Progrexion IP                   _____YES              _____NO

Progrexion Marketing            _____YES              _____NO

Progrexion Teleservices         _____YES              _____NO

John Heath                      _____YES              _____NO

Adam Fullman                    _____YES              _____NO

Kevin Jones                     _____YES              _____NO

Jeffrey Johnson                 _____YES              _____NO

     If the answer to Question 3 is "YES" for all Defendants, proceed to Question 4.  If the answer is "YES" for only certain Defendants, proceed to Question 4 for only those Defendants. If the answer to Question 3 is "NO" for all Defendants, proceed to Question 1 under Count Six.

4.     Do you find that Defendants agreed that someone would commit at least two of the racketeering acts alleged?

PGX Holdings                    _____YES              _____NO

Progrexion Holdings             _____YES              _____NO

Progrexion IP                   _____YES              _____NO

Progrexion Marketing            _____YES              _____NO

Progrexion Teleservices         _____YES              _____NO

John Heath                      _____YES              _____NO

Adam Fullman                    _____YES              _____NO

Kevin Jones                     _____YES              _____NO

Jeffrey Johnson                 _____YES              _____NO

     If the answer to Question 4 is "YES" for any Defendant, proceed to Question 5.   If the answer to Question 4 is "NO" for all Defendants, proceed to Question 1 under Count Six.

5.     Do you find that there was interdependence among the members of the conspiracy?

_____YES          _____NO

If your answer to Question 5 is "YES," proceed to Question 6.  If the answer is "NO," proceed to Question 1 under Count Six.

6.      Do you find that Ad Astra was injured in its business because of the RICO conspiracy?

_____YES          _____NO

If you answered "YES," proceed to question 7.  If you answered "NO," proceed to Count Six.

7.      What amount, in dollars, do you find would compensate Ad Astra for injuries caused by reason of Defendants' violation of RICO?

Costs responding to letter correspondence

$_____

Costs responding to electronic correspondence

$_____

Lost commissions

$_____

**E.      Count Six (There is no Count Five) State Law Fraud Claim**

1.      Do you find, by clear and convincing evidence, that Ad Astra has established its fraud claim regarding affirmative misrepresentations against Defendants Progrexion Holdings, Progrexion IP, and/or Lexington Law as set forth in Instruction No. 32?

| | | |
|---|---|---|
| Lexington Law Firm | _____YES | __X__NO |
| Progrexion IP | _____YES | __X__NO |
| Progrexion Holdings | _____YES | __X__NO |

If the answer to Question 1 for any Defendant is "YES," answer Question 2.  If the answer to Question 1 is "NO" as to all Defendants, then proceed to Question 3.

2.      What amount, in dollars, do you find would compensate Ad Astra for its damages sustained because of Defendants' Progrexion Holdings, Progrexion IP, and Lexington Law fraudulent representations?

Costs responding to letter correspondence

$_____

Costs responding to electronic correspondence

$_____

Lost commissions

$_____

3.     Do you find, by clear and convincing evidence, that Ad Astra has established its claim of fraud by silence against Defendants Progrexion Holdings, Progrexion IP, and/or Lexington Law as instructed in Instruction No. 33?

| | | |
|---|---|---|
| Lexington Law Firm | _____YES | ___X___NO |
| Progrexion IP | _____YES | ___X___NO |
| Progrexion Holdings | _____YES | ___X___NO |

If the answer to Question 3 for any Defendant is "YES," answer Question 4.  If the answer to Question 3 is "NO" to all Defendants, then do not answer the remaining question and sign the verdict form.

4.     What amount, in dollars, do you find would compensate Ad Astra for its damages sustained because of Defendants' Progrexion Holdings, Progrexion IP, and/or Lexington Law's failure to communicate material facts to Ad Astra?

Costs responding to letter correspondence

$_____

Costs responding to electronic correspondence

$_____

Lost commissions

$_____

_____          11/18/2021
                         _____

Presiding Juror                    Date